## In re SWEETLAND.

(Court of Appeals of District of Columbia. Submitted November 10, 1925. Decided April 5, 1926.)

No. 1760.

1. Patents ⚖=91(4)—Application for patent for lubricating system for internal combustion engines having purifying chamber held anticipated and properly denied.

Application for patent for lubricating system for internal combustion engine having purifying chamber for filtering oil *held* anticipated and properly denied.

2. Patents ⚖=22—Substitution of equivalents in patentable combination does not amount to invention, though better results be attained.

If there be a sufficient disclosure of combination amounting to invention, substitution of equivalents doing substantially same thing by substantially same means is not a patentable invention, though better results are attained.

Appeal from the Commissioner of Patents.

In the matter of the application of Ernest J. Sweetland for patent. From a decision of the Commissioner of Patents, denying application, applicant appeals. Affirmed.

Nelson Littell and W. H. Kenyon, both of New York City, and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Ernest J. Sweetland on July 3, 1920, filed an application in the United States Patent Office, praying for letters patent to a lubricating system combining a means for forcing or conveying, from internal combustion engines to a purifying chamber, lubricating oils befouled with dirt, metal particles, carbon sediment, and other foreign matter, a means in the purifying chamber for filtering the oil and cleaning it of its impurities, and a means for returning the filtered or purified oil to the engine or crank case from which the turbid oil was taken. The filter member of the combination is a pressure filter, and consists of a fluid-tight case inclosing a plurality of filter surfaces upon which is gradually deposited a carbonaceous slime as the contaminated oil is forced through them. Additional deposits of slime are made on the filtering surfaces as the filtration proceeds thereby increasing the efficiency of the filters. [1] The Examiner held that the claims of Sweetland's application were not patentable, and on appeal to the Board of Examiners that decision was affirmed. The First Assistant Commissioner sustained the Board of Examiners, and from his decision this appeal was taken. Claims 1, 3, and 21 are illustrative of the combination claims involved in the appeal and are as follows:

"1. In a lubricating system for automotive internal combustion engines, comprising in combination a purifying chamber for receiving oil from the engine, means operatively associated with the engine for causing the oil to pass from the engine to the purifying chamber and back to the engine, means in said purifying chamber intercepting the passage of deleterious matter, so that clear oil freed from carbon sediment will be returned to engine."

"3. In a lubricating system from automotive internal combustion engines, an auxiliary oil circulatory passage independent of the normal path by means of which the oil is fed to the bearings capable of receiving and returning lubricating oil to said engine, pressure creating means for circulating said oil and means interposed in said circulatory passage capable of extracting all visible foreign substances and returning through said circulatory passage oil having substantially the same degree of clarity as new unused oil."

"21. In combination with the lubricating system of an automotive internal combustion engine, of an auxiliary passage, a pressure filter in said passage, said filter including filter elements capable of intercepting and separating the carbon sediment from oil passing therethrough."

The decisions of the Patent Office were mainly based on patent No. 1,339,769, issued to John Sherman Leigh, which discloses a device for the removal, during the operation of internal combustion engines, of sediment, gasoline carbon, and other foreign matter from oil used for the lubrication of such engines.

The principal feature of Leigh's device is a pocket filled with metal wool or other suitable filtering material, through which contaminated oil is forced from the oil

pump. From the pocket the oil passes to the engine through screens and strainers of a mesh so graded as to catch in succession first the larger particles and then the smaller ones. The combination disclosed by Leigh differs in no essential particular from the combination claimed by Sweetland, and like the Sweetland combination, was designed to remove from lubricating oils impurities acquired by use in internal combustion engines and to promptly fit such oils for reuse as lubricants.

True enough, experiment demonstrated to a conclusion that Leigh's metal wool filter was noticeably less effective than the slime deposited on the cloth screens of Sweetland's device. The disclosure, however, of Leigh was not limited to metal wool filtering material, and was broad enough to include any other suitable filtering material. In other words, all that was required to make Leigh's device just as efficient as that of Sweetland's was a finer strainer and a better filtering material than metal wool. Leigh's combination clearly taught that, by the combining of old means, oil contaminated by an internal combustion engine could be purified and promptly made available for further use on the engine as a lubricant. Sweetland employed substantially the same means and taught nothing more. The perfection of Leigh's combination, by using better strainers, screens, and filtering material, did not make a new combination, but a combination which accomplished a better result by the substituting of elements requiring nothing more than the mechanical skill of one familiar with the art of filtering oils.

[2] If there be a sufficient disclosure of a combination amounting to invention, a substitution by a subsequent claimant of equivalents, doing substantially the same thing in the same way by substantially the same means, but with better results, is not a patentable combination or invention. Van Epps v. United Box Board & Paper Co., 143 F. 869, 874, 878, 75 C. C. A. 77; In re Hawley, 26 App. D. C. 324, 330; Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566; Ansonia v. Electrical Supply Co., 12 S. Ct. 601, 144 U. S. 11, 18, 36 L. Ed. 327.

Beyond doubt Sweetland accomplished something that was worth while—something which reduced the bill for lubricating oils and diminished the wear and tear on combustion engines. Unfortunately for him, however, the combination which he claims for filtering oils was not new to the art when he entered the field, and we are of the opinion that the claims as he elected to make

them were properly rejected by the Patent Office.

Sweetland's method claims, on the record as made, cannot be sustained, based, as they are, on the clarifying of oils by filtration and the use of the carbonaceous slime from the foul oils as a filtering material. Filtration of oils was old to the art prior to Sweetland's conception of a method for cleansing them, and finely divided metal and finely divided carbon for filtering purposes were used as filtering materials long before he purified oils by availing himself of their presence in the slime deposited on the filtering surfaces of his device. Even the mixture of oil with a filtering substance was old, as appears from the patent to Swan, No. 1,250,527, who introduced kieselguhr into dirty oils for the purpose of securing a more effective filtration. In re McNeill, 20 App. D. C. 294, 297, 298.

From the disclosure of Leigh's patent it appears that his device is provided with an oil feed pipe leading from the oil pump to the top of the casing over the pocket, by means of which pipe the oil is forced into the pocket from above. An oil delivery pipe connected with the side wall of the filter, near the bottom and below the screens, is a feature of the device, and returns the clarified oil to the engine. We are of the opinion that Leigh's patent discloses a filter interposed in an auxiliary oil circulatory system, and that, as Sweetland's combination and method of purifying oils were anticipated, his application for a patent was properly denied by the Patent Office.

The decision from which this appeal is taken is affirmed.